UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| CHARLES A. LALIBERTE,<br><br>  Plaintiff,<br><br>v.<br><br>STATE OF MINNESOTA,<br><br>  Defendant. | Civil No. 10-1102 (PAM/FLN)<br><br>**REPORT AND RECOMMENDATION** |

This matter is before the undersigned United States Magistrate Judge on Plaintiff's application for leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915. (Docket No. 2.) The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that Plaintiff's IFP application be denied, and that this action be dismissed without prejudice.

Plaintiff, a federal prison inmate, commenced this action by filing a self-styled pleading entitled "Petition for Return of Property." (Docket No. 1.) Plaintiff did not pay the $350.00 filing fee required by 28 U.S.C. § 1914(a) when he commenced this action, but he instead filed the IFP application that is now before the Court. Because Plaintiff is a prisoner, his IFP application is subject to the requirements of the Prison Litigation Reform Act of 1995, ("PLRA"). This means, inter alia, that he must pay an initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1).

In this case, the initial partial filing fee that Plaintiff is required to pay under the formula prescribed by § 1915(b)(1) is $15.15. However, Plaintiff did not tender his initial

partial filing fee with his complaint and IFP application. Therefore, by order dated April 8, 2010, (Docket No. 4), Plaintiff was directed to pay his initial partial filing fee of $15.15 within twenty days. That order expressly advised Plaintiff that if he failed to pay the prescribed amount within the time allowed, he would be deemed to have abandoned this action, and it would be recommended that his case be dismissed pursuant to Fed. R. Civ. P. 41(b), for failure to prosecute.

The deadline by which Plaintiff was required to pay his initial partial filing fee has now passed, and he has not tendered the payment due, nor has he offered any excuse for his failure to do so. Plaintiff did file a document entitled "Motion to Make Correction in Plaintiff Original Motion for Return of Property," (Docket No. 5), but that submission makes no reference to Plaintiff's initial partial filing fee, and it has no discernible bearing on Plaintiff's obligation to pay that fee.

Because Plaintiff has failed to comply with the previous order entered in this case, it is now recommended that he be deemed to have abandoned this action, and that the action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b). See In re Smith, 114 F.3d 1247, 1251 (D.C.Cir. 1997) (failure to pay initial partial filing fee required by § 1915(b)(1) "may result in dismissal of a prisoner's action"); Amick v. Ashlock, No. 04-1171 (8th Cir. 2004), 2004 WL 2603590 (unpublished opinion) (prisoner action can properly be dismissed where prisoner fails to pay initial partial filing fee as ordered); Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (federal court has inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases"); Henderson v. Renaissance Grand Hotel, 267 Fed.Appx. 496, 497 (8th Cir. 2008) (unpublished opinion) ("[a] district court has discretion to dismiss an action under Rule

41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order").

Having determined that this action should be summarily dismissed for failure to prosecute, the Court will further recommend that Plaintiff's IFP application be denied, and that his pending "Motion to Make Correction in Plaintiff Original Motion for Return of Property" be denied as moot.

RECOMMENDATION

Based upon the above, and upon all the records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's application for leave to proceed in forma pauperis, (Docket No. 2), be **DENIED**;

2. Plaintiff's "Motion to Make Correction in Plaintiff Original Motion for Return of Property," (Docket No. 5), be **DENIED AS MOOT**; and

3. This action be **DISMISSED WITHOUT PREJUDICE**.

Dated: May  18, 2010

                                  s/ *Franklin L. Noel*
                                  FRANKLIN L. NOEL
                                  United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **June 1, 2010**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.