UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Charles LaLiberte,  Civ. No. 10-1102 (PAM/FLN)
          Petitioner,

v.  **MEMORANDUM AND ORDER**

State of Minnesota,
          Respondent.

This matter is before the Court on the Report and Recommendation ("R&R") of United States Magistrate Judge Franklin Noel dated May 19, 2010. Petitioner Charles LaLiberte has filed a Motion for an Extension of Time to File Objections to Judge Noel's R&R. Specifically, Petitioner requests that the objection deadline, June 1, 2010, be moved to June 10, 2010. Petitioner's Motion is, however, an objection to the R&R and the Court will treat it as such.

The Court must conduct a de novo review of all portions of a Magistrate Judge's R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); D. Minn. L. R. 72.2(b). The Court has considered Petitioner's objections and reviewed the R&R de novo. Based on that review, the Court adopts the R&R's recommendation and denies Petitioner's Motion.

**BACKGROUND**

Petitioner, a federal prisoner, commenced this action by filing a "Petition for Return of Property." (Docket No. 1.) Petitioner did not pay the $350.00 filing fee required by 28 U.S.C. § 1914(a). Instead, Petitioner filed an <u>in forma pauperis</u> application ("IFP"). Because

Petitioner is a prisoner, his application falls under the Prison Litigation Reform Act of 1995. Therefore, Petitioner was required to pay an initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1).

This statute required Petitioner to pay a filing fee of $15.15. However, Petitioner did not pay this fee when he filed his Petition and IFP application. Magistrate Judge Boylan issued an order on April 8, 2010, directing Petitioner to pay the $15.15 within twenty days. In addition, the April 8 Order informed Petitioner that if he did not pay this fee within the twenty-day time period, his case would be deemed abandoned and consequently dismissed. Petitioner did not pay any filing fee within the twenty-day time period.

When Judge Noel filed the R&R on May 19, 2010, Petitioner had yet to pay his IFP initial partial filing fee. Consequently, Judge Noel deemed the claim abandoned and dismissed Petitioner's complaint. Petitioner now seeks an Extension for Time to File Objections to Judge Noel's findings in the R&R.

**DISCUSSION**

Petitioner's Motion contains his objections to the R&R and thus it is unnecessary for the Court to grant Petitioner an extension of time to file those objections. As previously stated, the R&R deemed Petitioner's original claim abandoned because he failed to pay the IFP initial partial filing fee. Petitioner's Motion states that payment was delayed because the Court miscalculated the IFP filing fee, he had to wait for the corrected filing fee, and that he misunderstood when to pay the IFP filing fee.

Petitioner asserts that the Court miscalculated his IFP filing fee. In his Motion to

Amend the Application for Leave to Proceed <u>In Forma Pauperis</u>, Petitioner references footnote 1 of the April 8 Order:

> The trust account statement submitted with Petitioner's IFP application shows total trust account deposits of $454.47 during the preceding six-month period, which is an average of $75.75 per month, ($454.47 ÷ 6 = $75.75).

Apr. 8, 2010, Order (Docket No. 4) at 2 n.1. Petitioner alleges that this calculation is an overstatement because he received two separate "surprise gifts" of $100.00. He believes these gifts should not be counted towards his six-month average because they were "surprises" and he does not normally have that much money in his account. Thus, his true six-month average would be $254.47 and not $454.47, as stated in the April 8 Order and R&R. Using the numbers provided by Petitioner and the calculation supplied in 28 U.S.C. § 1915(b)(1), Petitioner's corrected IFP filing fee would be $8.48 ($254.47/6=$42.41; $42.41 x 20%=$8.48).

However, 28 U.S.C. § 1915(b)(1) does not take the "usual" amount of a prisoner's six-month average of deposits; the statute takes the average of deposits during the six months immediately preceding the time the complaint is filed. <u>See</u> 28 U.S.C. § 1915(b)(1)(B). The Petitioner's "surprise" monetary gifts were given sometime during the six months immediately preceding the filing of his Complaint. Therefore, they must be included in the calculation of Petitioner's IFP filing fee.

Petitioner next asserts that because of the miscalculated filing fee he had to wait for a new calculation. This objection is moot because, as explained above, his filing fee was correctly calculated. <u>See</u> 28 U.S.C. § 1915(b)(1)(B).

3

Finally, Petitioner cites his misunderstanding as the reason he did not pay his IFP initial partial filing fee. However, the Court finds it difficult to believe that Petitioner was confused as to when the IFP partial filing fee was to be paid. As previously discussed, the April 8 Order directed Petitioner to pay the IFP filing fee of $15.15 within twenty days. This Order also explained the consequences that would ensue if Petitioner did not pay this fee: failure to pay would lead to the Petition being dismissed. Petitioner's failure to pay the filing fee within the time provided cannot be excused by any alleged confusion as to what the April 8 Order required.

Because Petitioner has already raised objections to the R&R, granting Petitioner's Motion would not provide the Court with new information and would unnecessarily delay the resolution of this case. Accordingly, **IT IS HEREBY ORDERED** that:

1. Petitioner's Motion for Extension of Time to File Objections (Docket No. 7) is **DENIED**;
2. The Report and Recommendation (Docket No. 6) is **ADOPTED**; and
3. The Petition (Docket No. 1) is **DISMISSED without prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: Wednesday, June 9, 2010        *s/ Paul A. Magnuson*
                  Paul A. Magnuson
                  United States District Court Judge